JOHN L. MARSH, Appellant, v. JAMES O. BENNETT, Appellee.

APPEAL FROM PEORIA COUNTY COURT.

Pleas which profess to answer the declaration, but only answer a part of it, are obnoxious to a demurrer.

In an action on a note, a plea which sets up, that the maker and payee of the note were owners of land, and that the payee took a conveyance of the land, in order to sell it on joint account, and gave the note as security for the prompt payment of the purchase money when the land should be sold, that it remains unsold, etc., the payee being anxious to sell, etc., is good, as showing a want of consideration.

THIS suit was brought in the Peoria County Court, for the June term, 1858. The plaintiff below filed a declaration upon a promissory note, containing two special counts and also the common counts. The defendant below demurred to the declaration, which was sustained as to the first special count, and overruled as to the others. Plaintiff below then filed an amended declaration.

To this amended declaration the plea stated in the opinion was filed.

The cause was tried at the January term, 1859, before the Judge of the Peoria County Court, and a jury.

The jury retired and brought in a verdict for the plaintiff for $1,927.36, and defendant moved for a new trial.

The court overruled the motion for a new trial, and rendered judgment on the verdict. Defendant excepted, and prayed an appeal.

H. M. WEAD, for Appellant.

BRYAN & STONE, for Appellee.

CATON, C. J. The third and fifth pleas are bad. They profess to answer the whole declaration, when they only answer a part of it, and the demurrer was properly sustained to them.

The fourth plea alleges that the consideration of note sued on was, that the plaintiff and defendant were, on the 24th day of February, 1857, owners in fee simple of the lands in the second plea described; and that the legal title thereof was vested in defendant for the purpose of sale and conveyance whenever said lands could be sold; that plaintiff was the equitable owner of one undivided half of said lands; that the legal title being vested in the defendant, and the equitable title of half of said lands being in the plaintiff, the defendant executed the note sued on, which was to be held by plaintiff as security for the prompt

21

payment to plaintiff of one-half of the purchase money for which said lands should thereafter be sold by defendant, after deducting all moneys advanced by defendant and costs and charges of sale. Avers that defendant has always been willing and anxious to sell said lands, that no part thereof has been sold, that he has received no money thereon, that said lands remain unsold, and that the legal title thereof is still vested in defendant for the purposes aforesaid; and that the equitable title to said undivided half of said lands is still vested in plaintiff. Concludes with a verification. To this plea there was also a demurrer, and demurrer sustained, and defendant abided by his plea.

This plea we think presents a good defense to the note. Our statute treats a promissory note as one part of an agreement, that is, the agreement to pay the money, and allows the other part of the agreement, that is, the consideration, on which the agreement to pay the money was made, to be shown by parol, thus forming an exception to the general rule, that an agreement cannot rest partly in writing and partly in parol. If a note was given without consideration, or if the consideration has totally or partially failed, this may be pleaded, and proved by parol. This plea shows a total failure of consideration, or rather a want of consideration. If the statements of this plea are true, there was no consideration for the promise to pay the money, till the maker should receive money for the use of the payee, upon a sale of the land. Till then, he could sustain no damage, and the promise to pay was without consideration. He might have held it till a consideration had arisen. This he did not choose to do, but brought his action, when in fact no consideration for the promise existed. The judgment must be reversed and the cause remanded.

*Judgment reversed.*