## MOWLES v. LORIMER.

### (Circuit Court of Appeals, Third Circuit. May 24, 1913.)

### No. 1711.

1. BILLS AND NOTES (§ 452*)—ACTIONS—DEFENSES—WANT OF CONSIDERATION.
    If, as claimed, a note given by a party to the promotion of a corporation to the owner of mining rights, which such corporation was to acquire, was given with the understanding that payment was conditioned on the successful promotion of the plan, and that, if this occurred, it was to be paid from the proceeds of stock sales, it was without consideration, the promotion having fallen through, and this defense was therefore not an equitable one, inadmissible in an action on the note, nor an attempt to reform the note.
    [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1303, 1352-1364, 1367-1376; Dec. Dig. § 452.*]

2. TRIAL (§ 228*)—IMPROPER REMARKS OF JUDGE.
    In an action on a note given in connection with the promotion of a corporation, there was nothing objectionable in the trial judge alluding to the transaction as a "scheme," where he used the words "transaction," "scheme," and "proposition" synonymously to characterize the business in hand and in reference to the acts of both parties.
    [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 509-512, 526; Dec. Dig. § 228.*]

In Error to the District Court of the United States for the Eastern District of Pennsylvania; John B. McPherson, Judge.

Action by James F. Mowles against Edward D. Lorimer, otherwise known as E. D. Lorimer. Judgment for defendant, and plaintiff brings error. Affirmed.

Bamberger & Moise, of Philadelphia, Pa., for plaintiff in error.

J. H. Brinton and Louis M. Stiles, both of Philadelphia, Pa., for Lorimer.

Before GRAY and BUFFINGTON, Circuit Judges, and ORR, District Judge.

BUFFINGTON, Circuit Judge. [1] In the court below the plaintiff, James F. Mowles, a citizen of Arizona, sued Edward D. Lorimer, a citizen of Pennsylvania, to recover on a note given to him by the latter. Both parties, with some others, were interested in the promotion of an Arizona corporation, which was to become the owner of mining rights controlled by Mowles. The deeds for these mining rights from Mowles to the Arizona Company were deposited in escrow

---

with one Pusey by Mowles, with instructions not to deliver them until the note was paid. The company had no actual capital. The working capital for its development was to be provided from 70 per cent. of its stock, which Lorimer and his associates were to get. The other 30 per cent. went to Mowles and his associates. The deeds were never delivered to the company, and the promotion fell through. Mowles then sued Lorimer on the note. The case turned on a question of fact. Lorimer averred that he never received any consideration for the note, but that it was given with the understanding that its payment was conditioned on the successful promotion of the plan, and that, if this occurred, then the note together, with the cost of development of the property, were to be paid from the proceeds of the 70 per cent. of the stock. In support of this contention there was the testimony of Lorimer, of Pusey, the holder of the deeds in escrow, and the correspondence between the latter and Mowles. On the other hand, Mowles contended the note was given and received in consideration of the deeds being placed in escrow, and that it was to be paid by Lorimer before the deeds were delivered. The original note was for 60 days. No interest was paid upon it, and at its maturity, owing to the pendency of the prospective promotion, the present note was substituted for the original one. Under these proofs, and the suit being between the original parties, the case resolved itself into a question of consideration. If Mowles' contention was right, the note was given for consideration, and he was entitled to a verdict; if Lorimer's contention was right, the note was without consideration, and he was entitled to a verdict. The case is quite similar to Marsh v. Bennett, 22 Ill. 313. To this issue of fact, namely, the want of consideration, the court confined the jury and properly refused to hold that the defense was equitable, inadmissible in an action at law in the federal court, or was an attempt to reform the note.

[2] Owing to the great stress laid by counsel in the argument before us on the fact that the judge below had, in charging the jury, alluded to the transaction as a scheme, we deem it proper to say that, assuming the question of the use of this word is before us under the assignments, we fail to see anything objectionable. The charge as a whole shows that the words "transaction," "scheme," and "proposition" were synonymously used to characterize the business in hand and in reference to the defendant's as well as the plaintiff's acts.

Finding no error in the submission of the case, the judgment is affirmed.